Sid Neschis v. Commissioner.
Neschis v. Commissioner
Docket No. 92022.
United States Tax Court
T.C. Memo 1963-191; 1963 Tax Ct. Memo LEXIS 154; 22 T.C.M. (CCH) 927; T.C.M. (RIA) 63191; July 16, 1963
*154 Held, under the facts, that 50 percent of the expenditures which petitioner expended for travel, meals and lodging on a European tour which he took in 1959 under the auspices of Temple University, Philadelphia, Pennsylvania, is attributable to maintaining and improving his skills required by him as a school teacher in the elementary grades of the public schools of Yonkers, New York, and is deductible. Held, further, that 50 percent of petitioner's expenditures for travel, meals and lodging on the tour is attributable to mere sightseeing in the countries visited and is not deductible under the applicable statute and regulations. Held, further, that $97.50 which petitioner expended for books and similar materials which he bought while on the tour and brought back home with him and placed in his classroom and used in teaching his classes is deductible under the applicable statute and regulations. Sidney Meyers for the petitioner. Rudolph J. Korbel for the respondent. BLACK Memorandum Findings of Fact and Opinion The Commissioner has determined a deficiency in petitioner's income tax for the year 1959 of $424.18. The deficiency notice states: The above deficiency is based on adjustments and explanations as disclosed in the report of examination, a copy of which was forwarded to you on December 14, 1960. The petitioner assigned several errors to the deficiency determined by respondent but at the hearing only one of the issues was tried and it is stated in the petition as follows: FOURTH: In the determination of the aforesaid deficiency the respondent committed the following errors: (A) In disallowing education expenses in the sum of $1,813.00 for the year ended December 31, 1959. Findings of Fact A stipulation of facts, together with exhibits attached thereto, was filed at the hearing and is incorporated herein by this reference. From the stipulated facts and exhibits attached thereto and from the oral testimony we make the following findings of fact: Petitioner is *156 an elementary school teacher in the employ of the Board of Education of the City of Yonkers, New York, and has been employed there as a teacher for approximately 10 years. He filed his income tax return for the year 1959 with the district director of internal revenue, Manhattan District, New York. Petitioner received his masters degree from New York University in 1950. Subsequent thereto he took additional courses and received additional credits therefor which aggregated 41 credits. The subjects taken and for which additional credits were received are enumerated in the stipulation of facts which has been filed and which has been incorporated herein by reference. During the year here involved petitioner taught the fourth and fifth grades. The curriculum taught in these grades included arithmetic, spelling, penmanship, geography, social studies, history, physical education, music, art, science, and other subjects. The school at which petitioner taught was located in the heart of the industrial area of Yonkers where there was a conglomeration of ethnic groups. In the early part of 1959 petitioner applied to Temple University, Philadelphia, to take the trip sponsored by that university, *157 termed "European Travel Courses in Comparative Education." Petitioner was not required, nor requested, to take the credits acquired from said European trip sponsored by Temple University by his employer, the board of education of the City of Yonkers, nor was such trip necessary for the retention of his position or promotion to a higher one. The trip was composed of three programs - Program "A", Program "B" and Program "C" - and petitioner took Program "C" which encompassed about nine weeks. Two professors from Temple University were in charge of this trip and they accompanied the tour throughout the entire trip and attended all lectures. It was mandatory that petitioner, in order to take the tour and receive academic credit therefor, attend all the lectures called for by the itinerary. The tour first touched England where petitioner attended residential classes at Oxford University as required by the curriculum and as referred to in Exhibit 5-E "Residential Course on Education in England for Members of Temple University, Philadelphia, U.S.A. 5-16 July 1959, Balliol College - Oxford." The instruction given petitioner at Oxford included instruction in the administrative end of education *158 and education from the primary grade through adult education. Supplementary to the courses taken at Oxford, petitioner visited English public schools which were then in operation. After the courses at Oxford, the tour then took petitioner to Paris where courses at the Sorbonne had been scheduled. However, the Temple University professors in charge of the tour decided to cancel these courses due to the fact that they determined that the group would not be given sufficient participation in the lectures. From Paris the tour proceeded to Switzerland, Germany, Austria, Czechoslovakia, Poland, Moscow, Leningrad, Helsinki, Stockholm, and Copenhagen and returned to New York on August 24, 1959. Petitioner attended the required lectures at the University of Munich, Germany, during the stay there from July 25 to July 31. These lectures, at which the two guide professors from Temple University were also in attendance, dealt with the primary, junior high, and grammar schools of Germany. Petitioner also visited the schools there. Petitioner attended required lectures at the University of Austria during his stay there from August 1 to August 4. He also attended lectures in Russia. In Finland *159 and Sweden petitioner visited the schools there. In addition, at each of the countries visited, petitioner visited the museums, art centers, and other historical places of interest. No lectures were provided in Prague or Warsaw. The itinerary provided for departure from Warsaw on August 9 and a flight to Moscow where three days were spent in sightseeing, visiting places of historical interest, attending the Bolshoi or other theatre, then on to Leningrad for three more days of sightseeing and visiting. Three hours on August 15 were provided for visiting schools while in Leningrad. From Leningrad, on August 16 through August 24, the itinerary provided for visits to places of historical interest in Helsinki, Finland, Stockholm, Sweden, and Copenhagen, Denmark. During the period August 16 through August 24 one conference on "Education in Denmark" was provided in Copenhagen on August 21. The itinerary provided for a flight from Amsterdam to Idlewild Airport in New York on August 24, 1959. In the countries visited petitioner bought and collected books and other material which he brought back with him for use in his teaching assignment. The books and other material that petitioner *160 collected in the various countries were placed in his classroom in the school where he taught and were utilized by him and his pupils in and as part of the courses being given. The cost of these articles to petitioner was at least $97.50. Petitioner utilized and put into application much of the knowledge and techniques he had obtained and observed on this tour in his teaching of the curriculum assigned to him in the public schools of Yonkers. In addition to his teaching duties, petitioner has also served on various teachers' committees for the superintendent of schools of Yonkers, among them being the science committee, mathematics, and others. Petitioner has put on reading demonstrations and engaged in other activities of varied nature in assisting the aim to uplift the school system. Petitioner deducted the sum of $1,813 on his 1959 return as constituting the expense for the tour taken. The deduction was broken down as follows: Travel, meals and lodging
$1,715.50
Miscellaneous
97.50
$1,813.00 This amount was disallowed entirely by the respondent. Petitioner spent the aforesaid amount of $1,813 on the indicated tour. We find, after a careful consideration *161 of all the evidence in the case, that 50 percent of the foregoing amount of $1,715.50 paid for travel, meals and lodging was expended by petitioner in order to maintain or improve his skills required by him in his employment as teacher in the elementary grades in the public schools of Yonkers and is deductible as a business expense. We find that the remaining 50 percent of the expenditures which made up the total amount deducted on his return for travel, meals and lodging was for sightseeing on the trip which he took and is not deductible as a business expense. We further find that the $97.50 expended for books and other similar material was actually spent by petitioner and that the books and similar material were put into use by petitioner in the public school at Yonkers where he taught and this $97.50 is deductible as a business expense. By taking the tour and adhering to its curriculum petitioner received six academic credits. Opinion BLACK, Judge: The question involved concerns the deductibility of the sum of $1,813 which petitioner maintains he expended in 1959 for a European tour sponsored by Temple University of Philadelphia. The tour which petitioner took was labeled *162 in some of the exhibits attached to the stipulation of facts as "European Travel Courses in Comparative Education." Respondent concedes that petitioner expended the amount of $1,813 which he took as a deduction for business expenses in the income tax return which he filed for the year 1959. We have no issue as to the amount which petitioner expended on the tour. But respondent has disallowed the claimed deduction in its entirety on the ground that it does not come within the applicable statute and regulations. Both parties are agreed that the applicable statute is section 162, I.R.C. 1954, which reads: SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * * Petitioner contends that the expenditures incurred on the tour clearly come within section 1.162-5(a), Income Tax Regs.[1] Petitioner does not claim that subparagraph (2) of the applicable regulations printed in the margin is applicable. Clearly it is not applicable because it has been stipulated that - 5. Petitioner *163 was not required, nor requested to take the credits acquired from taking the European trip sponsored by Temple University, by his employer, the Board of Education of the City of Yonkers, New York, nor was such trip necessary to the retention of his position or promotion to a higher one. *164 But petitioner does maintain that subparagraph (1) of the regulations printed in the margin is applicable because his tour was primarily taken for the purpose of "maintaining or improving skills" required by him in teaching the elementary grades of the Yonkers public schools at Yonkers, New York. Respondent relies principally upon section 1.162-5(b) and (c) of Income Tax Regs.[2] as the basis for his disallowance of the claimed deduction in its entirety. Respondent relies especially upon (c) of the regulations which reads: (c) In general, a taxpayer's expenditures for travel (including travel while on sabbatical leave) as a form of education shall be considered as primarily personal in nature and therefore not deductible. *165 There can be no doubt that the testimony of petitioner in this case and the exhibits which are attached to the stipulation of facts show that the European tour which petitioner took in the summer of 1959 was in part a sightseeing tour similar to the tours which many tourists take and, while such a tour is a form of education, the expenses of it are not deductible as business expenses; they are personal expenses. On the other hand, we think that the facts in this case also show that a part of the tour which petitioner took was more than mere sightseeing. It was taken by petitioner for the purpose of maintaining or improving his skills required in his employment of teaching in the elementary grades of the public schools of Yonkers, New York. Petitioner testified at length at the hearing and we are convinced from his testimony and other evidence in the case that this is true. The tour was not taken to secure a higher position in the school. Petitioner testified on cross-examination: I seek no reward. I have turned down nothing. I have sought nothing. I have been offered positions as an administrator. I have refused them. I want to be a classroom teacher. I am proud of being known *166 just as a classroom teacher. To sum up, it seems to us that a substantial part of petitioner's European tour was mere sightseeing and the expenditures incurred in making that part of the tour are not deductible. On the other hand, we think it is equally clear that a substantial part of petitioner's tour was more than mere sightseeing. His visit to Oxford, England, for example, and his taking the lecture courses there and visiting the English public schools and learning about the methods of teaching used there; also his trip to Munich, Germany, and attending the lectures there which lasted several days and his study about the methods used in the German public schools. Petitioner attributes all of the deductions claimed on the return as having been incurred in expenditures of the type mentioned above, whereas the record shows that they were not so incurred but that a very substantial part of them was incurred in mere sightseeing. Respondent, on his part, has denied the deductions in their entirety on the ground that they were incurred in a mere sightseeing trip which many tourists take and no part of the expenditures is deductible. We think this position of the respondent cannot *167 be sustained in the face of the record we have before us. We think that under the facts of this case the doctrine of Cohan v. Commissioner, 39 F. 2d 540, is applicable here. We have made a finding of fact based on the oral testimony and the stipulated facts that 50 percent of petitioner's expenditures which he deducted as having been incurred on the European tour for travel, meals and lodging was expended by him in maintaining and improving skills required by him in his employment as a teacher in the elementary schools of the public schools at Yonkers and is deductible. We further made a finding of fact that the remaining part of the expenditures which made up the total amount deducted on his 1959 return for travel, meals and lodging was for sightseeing expenditures on the European tour and is personal expense and not deductible. We also made a further finding of fact that the $97.50 expended for books and other similar material was actually spent by petitioner and was put to use in his teaching at Yonkers. This $97.50 we hold to be a deductible expense under the applicable statute and regulations. Decision will be entered under Rule 50. Footnotes
1. Sec. 1.162-5 EXPENSES FOR EDUCATION. (a) Expenditures made by a taxpayer for his education are deductible if they are for education (including research activities) undertaken primarily for the purpose of: (1) Maintaining or improving skills required by the taxpayer in his employment or other trade or business, or (2) Meeting the express requirements of a taxpayer's employer, or the requirements of applicable law or regulations, imposed as a condition to the retention by the taxpayer of his salary, status or employment. Whether or not education is of the type referred to in subparagraph (1) of this paragraph shall be determined upon the basis of all the facts of each case. If it is customary for other established members of the taxpayer's trade or business to undertake such education, the taxpayer will ordinarily be considered to have undertaken this education for the purposes described in subparagraph (1) of this paragraph. Expenditures for education of the type described in subparagraph (2) of this paragraph are deductible under subparagraph (2) only to the extent that they are for the minimum education required by the taxpayer's employer, or by applicable law or regulations, as a condition to the retention of the taxpayer's salary, status, or employment. Expenditures for education other than those so required may be deductible under subparagraph (1) of this paragraph if the education meets the qualifications of subparagraph (1) of this paragraph. A taxpayer is considered to have made expenditures for education to meet the express requirements of his employer only if the requirement is imposed primarily for a bona fide business purpose of the taxpayer's employer and not primarily for the taxpayer's benefit. Except as provided in the last sentence of paragraph (b) of this section, in the case of teachers, a written statement from an authorized official or school officer to the effect that the education was required as a condition to the retention of the taxpayer's salary, status, or employment will be accepted for the purpose of meeting the requirements of this paragraph.↩
2. (b) Expenditures made by a taxpayer for his education are not deductible if they are for education undertaken primarily for the purpose of obtaining a new position or substantial advancement in position, or primarily for the purpose of fulfilling the general educational aspirations or other personal purposes of the taxpayer. The fact that the education undertaken meets express requirements for the new position or substantial advancement in position will be an important factor indicating that the education is undertaken primarily for the purpose of obtaining such position or advancement, unless such education is required as a condition to the retention by the taxpayer of his present employment. In any event, if education is required of the taxpayer in order to meet the minimum requirements for qualification or establishment in his intended trade or business or specialty therein, the expense of such education is personal in nature and therefore is not deductible. (c) In general, a taxpayer's expenditures for travel (including travel while on sabbatical leave) as a form of education shall be considered as primarily personal in nature and therefore not deductible.↩